http://www.va.gov/vetapp16/Files5/1639931.txt

Citation Nr: 1639931 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 13-01 25A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Reno, Nevada

THE ISSUE

Entitlement to service connection for mental stress, claimed as due to dental trauma and military duties.

(The issue of entitlement to service connection for dental trauma teeth #3, 14, and 30, for compensation purposes, is the subject of a separate appellate decision being issued simultaneously.)

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

C. D. Simpson, Counsel

INTRODUCTION

The Veteran served on active duty from September 1959 to January 1963, and from March 1964 to March 1968.

This appeal to the Board of Veterans' Appeals (Board) arose from a July 2012 rating decision in which the RO denied service connection for mental stress due to dental trauma and military duties, to include entitlement to healthcare under 38 U.S.C. § 1702.

The Veteran filed a timely notice of disagreement (NOD) in August 2012. After a statement of the case (SOC) addressing that issue was mailed to the Veteran in December 2012, the Veteran perfected his appeal in January 2013, via a VA Form 9, Appeal to the Board of Veterans' Appeals.

In February 2013, the record before the Board only included the August 2012 NOD. The then-available record did not include the above December 2012 SOC or January 2013 VA Form 9. Consequently, the Board remanded the issue for the agency of original jurisdiction (AOJ) to issue a SOC based upon the limited record. See Manlincon v. West, 12 Vet. App. 238 (1999).

In October 2013, the Board noted that the previously unavailable December 2012 SOC and January 2013 VA Form 9 had been associated with the record. It remanded the mental stress issue to provide the Veteran additional notification about how to substantiate the claim, readjudication by the AOJ following such notice, and then to provide the Veteran a Board hearing on the issue. 

In May 2016, the Veteran was afforded a Board hearing before the undersigned Veterans Law Judge at the Las Vegas, Nevada satellite office of the Reno RO. The hearing transcript is of record. 

The Board notes that, following the last adjudication by the agency of original jurisdiction (AOJ) in a September 2015 supplemental SOC (SSOC), the Veteran submitted the Veteran submitted multiple written statements without a signed waiver of initial AOJ review. See 38 C.F.R. § 20.1304 (2015). However, as this evidence was submitted by the Veteran, and he perfected an appeal and the claim was certified to the Board after February 2, 2013, explicit waiver of initial AOJ consideration is not required. See Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Public Law No. 112-154, 126 Stat. 1165. Hence, this evidence has been added to the record on appeal. 

This appeal is now being processed utilizing the Veterans Benefits Management System (VBMS) and Virtual VA paperless, electronic claims processing systems. 

Also, this appeal has been advanced on the Board's docket pursuant to 38 U.S.C.A. § 7107(a)(2) (West 2014) and 38 C.F.R. § 20.900(c) (2015)).

FINDINGS OF FACT

1. All notification and development actions needed to fairly adjudicate the claim herein decided have been accomplished. 
 
2. No competent, credible and probative evidence indicates that the Veteran has, or at any time pertinent the current claim on appeal has had, a chronic psychiatric disability. 

CONCLUSION OF LAW

The criteria for service connection for mental stress, claimed as due to dental trauma and military duties, are not met. 38 U.S.C.A. §§ 1110, 1702, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Due Process Considerations

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014) includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2015). 

The notice requirements under the VCAA essentially require VA to notify a claimant of any evidence that is necessary to substantiate the claim(s), as well as the evidence that VA will attempt to obtain and which evidence he or she is responsible for providing. See, e.g., Quartuccio v. Principi, 16 Vet. App. 183 (2002) (addressing the duties imposed by 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b)). As delineated in Pelegrini v. Principi, 18 Vet. App. 112 (2004), after a substantially complete application for benefits is received, proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim(s); (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) must ask the claimant to provide any evidence in her or his possession that pertains to the claim(s), in accordance with 38 C.F.R. § 3.159(b)(1).

The Board notes that, effective May 30, 2008, 38 C.F.R. § 3.159 has been revised, in part. See 73 Fed. Reg. 23,353 - 23,356 (April 30, 2008). Notably, the final rule removes the third sentence of 38 C.F.R. § 3.159(b)(1), which had stated that VA will request that a claimant provide any pertinent evidence in his or her possession.

VA's notice requirements apply to all five elements of a service connection claim: veteran status; existence of a disability; a connection between a veteran's service (or service-connected disability, as appropriate) and the disability; degree of disability; and effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

VCAA-compliant notice must be provided to a claimant before the initial unfavorable decision on a claim for VA benefits by the AOJ (in this case, the RO, to include the AMC). Id.; Pelegrini, 18 Vet. App. at 112; see also Disabled American Veterans v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003). However, the VCAA notice requirements may, nonetheless, be satisfied if any errors in the timing or content of such notice are not prejudicial to the claimant. Id. 

Here, in a March 2011 pre-rating letter, the RO provided notice to the Veteran explaining what information and evidence was needed to substantiate a claim for service connection on a direct basis, as well as notice for service connection on a secondary basis. The letter provided notice as to what information and evidence must be submitted by the Veteran, and what information and evidence would be obtained by VA. In addition, the letter provided the Veteran with general information pertaining to VA's assignment of disability ratings and effective dates, as well as the type of evidence that impacts those determinations, consistent with Dingess/Hartman. The July 2012 RO decision reflects the initial adjudication of the claim for service connection after issuance of the March 2011 letter.

The record also reflects that VA has made reasonable efforts to obtain or to assist in obtaining all relevant records pertinent to the matter herein decided. Pertinent evidence associated with the claims file consists of the Veteran's service treatment records (STRs), VA treatment records, and private treatment records. Also of record and considered in connection with the appeal is the transcripts of the Veteran's Board hearings, along with various written statements provided by the Veteran and by his representative, on his behalf. The Board finds that further action on this prior to appellate consideration, is not required.

The Board acknowledges that the Veteran has not been afforded a VA examination, nor has a medical opinion otherwise been obtained, in connection with the claim. However, as explained in greater detail below, the evidence of record fails to trigger VA's duty to assist by providing a VA examination, even pursuant to the low standard set forth in McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

The Board has considered the Veteran's numerous contentions about inadequate due process. As explained in the simultaneously issued decision, the Board has considered the administrative error in recognizing dental trauma in the April 2003 RO code sheet, and the explanation for removing it in the December 2009 RO decision. In sum, while the administrative error is regrettable, the RO did not deprive the Veteran of due process in committing and then correcting the administrative error. See 38 U.S.C.A. § 5104 (West 2014); 38 C.F.R. § 3.103; VA Adjudication Procedure Manual, M21-1MR, Part III, subpart iv.7.A.1.e. 

The Board finds that the AOJ substantially complied with the February 2013 and October 2013 remand instructions. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not necessary under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002)). The AOJ issued a December 2013 letter notifying the Veteran about the information and evidence needed substantiate his claims, and requested that he identify all psychiatric treatment received. As the Veteran did not respond, no further action in this regard was required. The claim was subsequently readjudicated in the September 2015 SSOC. 

As for the May 2016 Board hearing, during the hearing, the claim herein decided sue was identified, and testimony was elicited regarding the Veteran's symptoms and treatment, and his assertions regarding the claim. The submission of any specific, additional evidence was not explicitly suggested; however, on these facts, such omission was harmless. During the hearing, the undersigned sought to identify any pertinent, existing evidence not currently associated with the record that might have been overlooked or was outstanding that might substantiate the Veteran's claim. As none was identified, no development following the hearing was ordered. Under these circumstances, the Board finds that, consistent with Bryant v. Shinseki, 23 Vet. App. 488 (2010), there has been substantial compliance with the duties set forth in 38 C.F.R. § 3.103(c)(2), and that the hearing was legally sufficient.

In summary, the duties imposed by the VCAA have been considered and satisfied. 
The Veteran has been notified and made aware of the evidence needed to substantiate the claim, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. There is no additional notice that should be provided, nor is there any indication that there is additional existing evidence to obtain or development required to create any additional evidence to be considered in connection with the claim. Consequently, any error in the sequence of events or content of the notice is not shown to prejudice the Veteran or to have any effect on the appeal. Any such error is deemed harmless and does not preclude appellate consideration of the matter herein decided. See Mayfield v. Nicholson, 20 Vet. App. 537, 543 (rejecting the argument that the Board lacks authority to consider harmless error); see also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998).

II. Analysis

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In order to establish service connection on a direct basis, there must be competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999); see also Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). The determination as to whether the elements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

Certain chronic diseases shall be presumed to have been incurred in service if manifested to a compensable degree within a prescribed period post, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. 

With chronic disease shown as such in service (or within the presumptive period under § 3.307) so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributed to intercurrent causes. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is questioned. When the fact of chronicity in service is not adequately supported, then the showing of continuity after discharge is required to support the claim. 38 C.F.R. § 3.303(b). 

The United States Court of Appeals for the Federal Circuit has clarified that the provisions of 38 C.F.R. § 3.303(b) pertaining to the award of service connection on the basis of continuity of symptomatology (in lieu of a medical nexus opinion) apply to chronic diseases as defined in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Service connection may also be granted for disability that is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310. That regulation permits service connection not only for disability caused by service-connected disability, but for the degree of disability resulting from aggravation of a nonservice-connected disability by a service-connected disability. See also Allen v. Brown, 7 Vet. App. 439, 448 (1995).

As noted, a claim for service connection requires a finding of current disability that is related to an injury or disease in service. Watson v. Brown, 4 Vet. App. 309 (1993); see also Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 143 (1992). The requirement of the existence of a current disability is satisfied when a Veteran has a disability at the time he files his claim for service connection or during the pendency of that claim, even if the disability resolves prior to adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). However, when the record contains a recent diagnosis of disability prior to a Veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency. See Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). 

Under applicable regulation, the term "disability" means impairment in earning capacity resulting from diseases and injuries and their residual conditions. 38 C.F.R. § 4.1; see also Allen v. Brown, 7 Vet. App. 439 (1995); Hunt v. Derwinski, 1 Vet. App. 292, 296 (1991). The Board notes that a symptom such as pain, without a diagnosed or identifiable underlying malady or condition, does not, in and of itself, constitute a "disability" for which service connection may be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282 (1999).

In adjudicating a claim for VA benefits, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

In the instant appeal, the Veteran contends that he has mental stress attributable to a service-connected dental disability. 

Service treatment records (STRs) are completely silent with respect to any psychiatric complaints (to include associated with injury), findings, or diagnosis. On his January 1968 Report of Medical History for separation, the Veteran denied having or ever having "depression or excessive worry" and "nervous trouble of any sort." 

March 1985 Air Force Reserve STRs show that the Veteran again denied having "depression or excessive worry" and "nervous trouble of any sort." 

Private medical records from 2004 reflect that the Veteran had a right cheek biopsy with negative findings for malignancy. He was assessed as having temporomandibular joint syndrome (TMJ). 

VA dental clinic records from November 2004 and October 2005 include unremarkable findings. An April 2007 VA dental clinic visit recommends hygiene observation. 

December 2008 and February 2009 VA dental clinic records document that the Veteran had a brief Bell's palsy episode that soon resolved. However, he continued to have longstanding oral symptoms. They were described as left upper mouth sensitivity. The dentist assessed chronic inflammation of the left maxillary sinus or atypical facial neuralgia. He commented that the pain did not appear tooth related. Consequently, he placed an ear, nose and throat (ENT) clinic referral. 

October 2009 VA neurology clinic records show that the Veteran was referred to the clinic for jaw and facial pain dating to service. He identified the pain as being located in his upper jaw along the gum line. He attempted to seek treatment in service without success. He had a root canal performed by a private dentist, but the clinician commented that the root canal was not on the affected teeth. The VA dental clinic had provided a maxillary occlusive bite guard. However, the Veteran did not experience any recognizable improvement. He had constant pain with occasional shooting pain along the left side of his face with pressure over the jaw area. Clinical observations were recorded. The clinician listed an impression of atypical facial/ oral pain in a diabetic patient. It was primarily located on the left side and in certain situations may be the result of longstanding trigeminal neuralgia. However, the clinician remarked that such an assessment is unclear since the Veteran denied intermittent pain relief. He also noted that the dental clinic had not identified any oral abnormality to explain the pain. He recommended a magnetic resonance imaging (MRI) study of the brain. 

December 2009 VA dental clinic records reflect that the brain MRI returned normal. No pathology could be identified to account for the Veteran's orofacial pain. The Veteran continued to exhibit hypersensitivity at the margins of his left maxillary teeth or when lightly tapping teeth. 

February 2011 VA dental clinic records reflect that the Veteran had pain at teeth number 14 and 15. 

In his March 2011 claim, the Veteran reported that he had mental stress related to military service. He identified his work responsibilities as a cryptology operator as the cause. He stated that his cryptology work was outside his job responsibilities as a military police officer and that he did not receive appropriate training for it. Then, he experienced additional stress from the inadequate treatment of his dental condition. He believed these factors caused the claimed mental stress. 

March 2012 VA dental clinic records include an assessment of muscle-related TMJ and complaints of pain at teeth numbered 14 and 15. The Veteran attributed the pain to his history of root canals. He could not recall when they were performed. 

In an April 2012 letter, Dr. A.T.T. described the Veteran as having history of pain in the upper left and lower left quadrants since approximately 1965. He had endodontic treatment without success. He could not identify an etiology for the Veteran's complaints of pain. He offered further treatment as a possibility without any guarantee of success. 

In a May 2012 Report of General Information, the Veteran stated that his military occupational specialty (MOS) as a military policeman was very stressful. He also had additional stress from his duties as a cryptologist. He stated that he worked constantly and had a high level of responsibility. He recalled that he served on a top secret mission in Greece. The RO representative informed the Veteran that VA would request personnel records and that he should submit any supporting personnel records in his possession.

VA dental clinic records from June 2012, March 2013, October 2013, June 2014, December 2014, and July 2015 confirm that the Veteran regularly received VA dental care. 

In August 2012, the Veteran reported that he experienced pain and suffering due to inadequate treatment of his dental problems. 

In August 2013, the Veteran stated that he had mental and emotional stress since 1965 when he initially sought treatment for his dental disorder. He referred to an ineffective root canal that did not relieve his dental pain. He conceded that he denied any psychiatric symptoms on his March 1985 Air Force Reserve record. He stated that he was always medically fit during service and had high-level assignments, including coordinating President Johnson's security. His stated that his stress was caused by constant pain and suffering that led to dental trauma. He reiterated that he did not have a mental health history. 

In December 2013, the Veteran stated that he worked under strenuous conditions in service while stationed in Greece. He explained his claim as trauma from his psychic or behavioral state caused by or resulting from mental or emotional stress. 

In a June 2014 Report of General Information, the Veteran reiterated that he wanted to pursue a mental health claim as secondary to his dental condition. He indicated that he had not ever received formal mental health treatment. 

In June 2014 written correspondence, the Veteran stated that he had been clinically assessed by VA dentists and a VA neurologist with atypical facial/ oral pain with constant hypersensitivity. He reported that these symptoms dated to military service. Mental stress was secondary. He described the claimed disability as a disordered psychic or behavioral state caused by mental and emotional stress since 1965 when his initial dental problem arose. 

September 2014 VA primary care records show that the Veteran did not have any acute mental health issues or any other indication of mental health treatment. 

August 2015 VA primary care records do not indicate that the Veteran had any mental health treatment. However, the clinician noted that the Veteran had problems with the upper left teeth. The Veteran was adamant that it was a service-connected disorder and expressed great distress over VA's refusal to recognize it as such. Upon further inquiry, the clinician noted that the Veteran had been thoroughly evaluated at the VA dental clinic. Nonetheless, he observed that the Veteran exhibited great distress while talking about it. The clinician continued the assessment that no acute mental health issue was present. 

In an April 2016 report, the Veteran stated that the stress he experienced in service was an extenuating circumstance and that the benefit-of-the-doubt rule should be applied to grant the claim. He indicated that the mental stress incurred in service caused or was tantamount to dental trauma. The dental trauma then caused a constant disordered psychic behavioral state resulting from mental and emotional stress. 

During the May 2016 hearing, the Veteran reported that he experienced significant stress from the administrative burden and VA errors in processing his dental compensation claim. See May 2016 Board hearing transcript, p. 10. He emphasized that he did not have any mental problem in service. Id. at 29. He described the symptoms underlying his claim as mental stress. Id. at 31. The undersigned Veterans Law Judge advised the Veteran that mental stress must result in a chronic disability. Id. at 32. The Veteran responded that the mental stress led to unspecified trauma, which he described as a behavioral disorder. Id. Upon direct query by the representative, the Veteran denied common psychiatric symptoms of trouble sleeping and anxiety. Id. at 33. The Veteran went on to express his long-standing frustration over VA's initial mistake in granting dental benefits and then rescinding them. Id. at 35. He explained that he repeatedly tried to get dental treatment in service without success. The dental problem became worse and he asserted that it was equivalent to trauma. He believed the service department and VA was liable for his dental disability since he was not furnished appropriate treatment when he initially reported the problem. Id. at 36. 

The Veteran contends service connection is warranted based upon the above record. Considering the above-cited evidence in light of the applicable legal authority, the Board finds that service connection for mental stress is not warranted. 

At the outset, the Board notes that the Veteran, as a lay person, is certainly competent to report matters within his own personal knowledge-such as the occurrence of injury or the existence of his own psychiatric symptoms. See, e.g., Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). When assessing credibility and probative value, such assertions must be weighed against medical and other pertinent evidence. Cf. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Here, however, as explained below, the Board finds that the Veteran's own assertions are not supportive of the current claim for service connection. 

In this case, the Board finds that the Veteran's reports, along with the additional evidence of record, do not indicate that he has a current, chronic psychiatric disability for VA compensation purposes. The current disability requirement for an award of service connection is met when a Veteran has a disability either shortly prior to or at the time he files his claim for service connection or during the pendency of that claim. See Romanowsky, supra.; McClain, supra. The lay statements indicate that the Veteran experienced a great amount of general stress from the perceived inadequate dental treatment and administrative difficulties in processing his dental claim. However, the Veteran has repeatedly denied having psychiatric symptoms or ever seeking mental health treatment. See August 2013 Veteran statement; June 2014 Report of General Information; May 2016 Board hearing transcript at 33. 

It is reasonable to characterize the Veteran's account of psychiatric distress as a component of the service connection claim for a dental condition for compensation purposes, as opposed to an independently compensable psychiatric disability. Caluza v. Brown, 7 Vet. App. 498, 510-511 (1995) (Board may properly weigh evidence based upon facial plausibility and consistency with the record). The Board finds this characterization appropriate because the Veteran describes his psychiatric disorder wholly in terms of his dental disability and essentially denies separate and distinct psychiatric symptoms. See May 2016 Board hearing transcript, p. 33; In addition, review of the VA treatment records do not reflect any psychiatric treatment or mental health clinic visits. He has received regular medical treatment throughout the claims period and no clinician has assessed the Veteran as having a separate psychiatric disorder or otherwise indicated a mental health clinic referral is appropriate. AZ v. Shinseki, 731 F.3d 1303, 1315-16 (Fed. Cir. 2013) (silence within records is pertinent evidence when records would typically document event in dispute); Buczynski v. Shinseki, 24 Vet. App. 221, 224 (2011). Based upon the above record and reasonable inferences from it, the Board finds that the evidence preponderates against the existence of a current psychiatric disability. Id.; see Romanowsky, supra.; McClain, supra. 

Furthermore, based upon these considerations above, VA is not required to arrange for VA examination or to otherwise obtain a medical opinion in connection with this claim. Generally, VA has a duty to provide a medical examination or obtain a medical opinion if the evidence indicates the existence of a current disability or persistent or recurrent symptoms of a disability that may be associated with an event, injury, or disease in service, but the record does not contain sufficient medical evidence to decide the claim. See 38 U.S.C.A. § 5103A(d)(2) (West 2014); 38 C.F.R. § 3.159(c)(4)(i) (2015); McLendon, supra. 

Here, however, there is no competent, credible or probative evidence of a current psychiatric disability, to include lay assertions of persistent or recurrent symptoms of psychiatric disability. This is so even considering the low nexus standards to trigger VA's duty to provide an examination and/or medical opinion. Locklear v. Nicholson, 20 Vet. App. 410 (2006); see Waters, 601 F. 3d at 1278 (noting that a veteran's conclusory generalized statement that a service illness caused his present medical problems was not enough to entitle him to a VA medical examination since all veterans could make such a statement, and such a theory would eliminate the carefully drafted statutory standards governing the provision of medical examinations and require VA to provide such examinations as a matter of course in virtually every disability case). In summary, the McLendon threshold elements above must be satisfied before VA is obliged to provide an examination or opinion and in this particular case, they are not met. Id.; McLendon, supra.

The Board emphasizes that Congress has specifically limited entitlement to service connection for disease or injury to cases where such incidents have resulted in disability. See 38 U.S.C.A. § 1131; see also 38 C.F.R. § 3.310. Thus, where, as here, competent, credible and probative evidence does not support a finding that the Veteran has the disability for which service connection is sought, there can be no valid claim for service connection-on any basis. See Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

As, fundamentally, no current disability is shown, there is no basis to award secondary service connection or consideration of presumptive psychosis under 38 U.S.C.A. § 1702-matters raised in connection with the current claim on appeal. See 38 U.S.C.A. § 1702 (West 2014); 38 C.F.R. § 3.310 (2015). 

For all of the foregoing reasons, the Board finds that the claim for service connection for mental stress must be denied. In reaching the conclusion to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as no competent, credible and probative evidence supports the required current disability element of the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

ORDER

Service connection for mental stress, claimed as due to dental trauma and military duties, is denied. 

____________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs